Thank you. Good afternoon and please accord Santhony to Mary here on behalf of State Center Community College District. I appreciate you taking this appeal for discussion today. The position I'm presenting here that there were there were errors made in granting the initial order which was an injunction on a co-equal government body. The failure to determine the forum status the order clearly made a decision they did not need at the trial court to determine the forum status and the failure to apply the school speech doctrine which would be under the Planned Parenthood Hazelwood decision which I'm quite aware that has come before this court before I've reviewed Judge Warlaw's opinion in Oyama. I'm ready to discuss that why it should apply in this and why I would agree with you that Oyama was not the best vehicle for application but that if we follow the four other circuits 6, 7, 10, and 11 that have applied the Hazelwood school sponsorship doctrine to secondary education of junior colleges and colleges this is the case and this is the opportunity. Let me ask you this the putting aside from the Hazelwood issue Board of Airport Commissioners versus City of Los Angeles versus Jews for need to consider the nature of the forum in an overbreadth and vagueness case. What's your response to that? It's an interesting question is when you look at the cases when you go to the school sponsored doctrine cases in Hazelwood and in Hazelwood and Planned Parenthood for two current examples both of those cases the forum was discussed so in in you look at what happens in a school speech sponsored case in those cases the law is clear it starts in Hazelwood and goes through on our own Ninth Circuit Planned Parenthood that such great deference is given to the school itself because of the imperpeture issue that the forum does become important. As you know part of the issue of Hazelwood is you're dealing with either K through 12 or you're dealing with college in this case we're dealing with college but but even before we get that I your previous regulation if you want to call it that indicates that inappropriate or offensive language or themes would not be permitted. Can you give me some examples on what inappropriate or offensive language or themes might be? Certainly. So let's talk about some examples and then if I could in that answer discuss why it's important following Hazelwood and Planned Parenthood that it's not so specific as to start delineating who can get around it but examples might be when you look at the cases some of the important factors are the school districts own interest in its education and those things it promotes and those things it doesn't. Slightly outside of the school speech doctrine you have the bongs for Jesus long hits for Jesus which was not a school speech case but nonetheless the important topic right there was okay the school has an interest in not promoting drugs and stopping drugs so there's one. But with respect you're going to feel from the question I'm asking you have this language or themes very vague very indefinite I'm asking you you're you're one of the administrators now. Okay. The ones in this case happened to be confused they didn't quite know what it meant so I'm asking you what does it mean give me some examples of what that means you're the administrator now and you're gonna say okay A, B, C, and D meet this criteria. Of I was uh. That are inappropriate or offensive. That would have been my first one there would have been the promotion of illegal drug use. Okay would everyone have agreed to that? Would everyone in the certainly the people who put it up would not have agreed to it. No of course not. No. And and how how are people who are supposed to abide by this to know what is and is not covered? If that's a great question it goes to this core issue of the deference given to the school district because certainly I would concede your point judge I would concede your point that when you look at the school sponsor doctrine none of the cases from Hazelwood on through Planned Parenthood I'm sorry even on to our fellow districts have given a specific statement and they're and they're very very open description Hazelwood I believe the statement was immoral anything that is immoral or I have written down in Planned Parenthood I think it was very similar Hazelwood was the principal has a discretion to say if it's legal moral or ethical Planned Parenthood the rule was does not serve the best interest of the school and the reason I bring that up is you're not going to have a situation when you look at school sponsored doctrine where the people that want to post will always know what violates those rules they didn't know what in Planned Parenthood so basically you're saying that a regulation cannot be drafted that would not run afoul potentially of overbreadth and vagueness just because nobody can possibly define all of the things out there that might come in is that what you're saying I'm not but to explain the point when I've reviewed the cases it does start with a form analysis and the form analysis is non-public forum but why I mean I get your point but I read you earlier on Supreme Court case says that we don't have to consider that in in in terms of overbreadth and vagueness cases so just arguendo for a minute let's assume that the that the forum in this to this degree is irrelevant okay let's talk about vagueness and overbreadth I I'm struggling with how people are supposed to interpret the language there it seems like your administrators did have trouble doing that and that's one of the things that Supreme Court's been pretty clear about you know you you gotta be real careful you're gonna restrict people's speech and and their communication they've got to know exactly what it is that they're doing wrong and I'm asking you what are some examples you said you gave us one and that's probably a good one but what are some others gun violence certainly is one that we'd be very interested in if I was the administrator because it would also be pertinent to the issues in this case if a student body member wanted to post with our school of perpetual and our stamp on it picture of one person holding a gun to the head of another one they don't do that in this case they were signed by the people who put them up the school had nothing per se to do with it unless you get to your forum analysis right I'm sorry I didn't understand it I understood that what was being placed was these were signed by the people putting them up and the school had nothing to do with it there was no sign saying the school sponsored it is that correct only partially your honor if you look at the record in this case they were called back in to make an insignia to give a description of their group I believe the evidence I know there are some things are on motion to dismiss someone appeal I believe the evidence here is that there wasn't a handle social media handle to a national group but no I don't believe it clearly designated that these groups were not under the approval of the school because you had to be approved and stamped to be on the board and the board recall is not a random board it's our wall it would be akin to stapling on this wall right so with your example to take that it's it's certainly a point that we looked at coming into today on the overbreadth and vagueness and what what you find in this this is the reason I believe is so important to get to school sponsored speech because what you find in the school sponsored speech is that from the Supreme Court's approval in Hazelwood all the way through our fellow six district case in the Sixth Circuit there are less descript rules that go to the discretion of the school because the imperpeture is going to be attributed back to them to their own approach er so you have the reason I I worded that way is you had worded your question as does that mean it can it's always going to be overbroad and vague no your honor what I would say is if the school sponsored speech case then the opportunity to become constitution compliant allows more freedom and more of a less certain description as we saw in the Hazelwood case with young people K-12 well thus far thus far in the Ninth Circuit depending upon how you look at the Brown versus Lee case thus far it has not been applied but has not been rejected four circuits have applied it to the colleges with very similar language to what we have here and if can I address that for a moment why we should why we should extend it if I could address for a moment why to extend it and if you look at the Sixth Circuit case which I believe is the Hostry case they do a good job of describing that in the Sixth Circuit and it actually it was a one of the citations from the Oyama case from Judge Wardlaw what they describe in that case is that there's very little distinction between high school juniors and seniors and college freshmen they show that the age or the ages actually can be similar and sometimes high school students can be older in our junior colleges today but of course by statute and Constitution there's an obligation to provide the in state center as a junior colleges around this state there are joint programs with the high school so high school students actually come into the campus during their high school years to take classes so they graduate with their A's in addition these are buildings that are used for other purposes not just for school purposes especially the hallways where we have family members members of the community and certainly children that come through constantly whether it be for athletics or other purposes that are exposed to these walls the thing I look at now when you talk about the K through 12 originally in Hazelwood if you look at the the reasons given there are multiple one is to control the materials that are presented to K through 12 students given their age there are curriculum issues but the last is the most important and the last in the Hazelwood which was described to an extent in Oyama very well is that other members of the public might reasonably perceive these items to bear the imperpeture of the school that is not something that is specific to the age of the student that is the members of the public that's straight out of the Hazelwood Supreme Court case that was what we followed in Planned Parenthood that regardless of the age others may find that the the posting actually is reasonably perceived to bear the imperpeture of the school and what that for the school not just for curriculum because in Planned Parenthood it applied to giving out athletic materials at a game so you get ads you put together a brochure you hand it to members of the public I'm gonna reserve the last two unless you have questions for me on this let me interrupt you just I'm gonna change gears just for a second yes are any of the plaintiffs still enrolled in the school my belief is no I will defer to counsel but I have been told no okay so the answer is that none of the plaintiffs are still enrolled as students in the school is that true that I hesitate to say it's true that is my understanding but I am NOT 100% sure okay if that's if there none of them are in the school does that move the case their case I would be pleased if it would that your position that the the only problem I have with that position is the individuals would be gone young Americans for freedom is still a party and it is a body otherwise certainly well let me follow up then I take it from your argument that the school it will not disclaim its intent to reenact the policy correct okay yes I do want to reserve my time back your time it's fine two minutes you've got it I'm sorry you've got your time okay would you like me to continue now or you know you can rebut I will I will come thank you your honor two minutes and 39 seconds is when yes thank you your honors may it please the court my name is Daniel Ortner from fire on behalf of the Apple ease in this case Clovis community college officials used an overbroad vague and viewpoint discriminatory policy to remove flyers from a student Bolton board merely because of the conservative nature of the speech and that the speech offended some students the language in the statute that it in the flyer policy that it doesn't allow speech that's offensive or inappropriate is as overbroad and vague as imaginable it could sweep all kinds of First Amendment protected activity in its reach and it gives Clovis officials unbridled discretion as the record here clearly shows the replacement policy is it doesn't have the provision about viewpoint discrimination which is the what's before this court we may have some disagreements down the line or you know down the line we may have consider amending a complaint but before you the you know the only policy here is this viewpoint discriminatory policy that's now not on the on the books anymore so do you think on the motion to take judicial notice you opposed it but does it shouldn't we grant it this this court can take notice of the fact that the new policy doesn't have you know the offended offense the provision about offensive and inappropriate speech I think what we opposed is you know down the line what we may or may not do with regard to amending complaint that that's what we opposed speculating about what might happen down the line once we consider our options what's before the court is this provision that the district court correctly found was viewpoint discriminatory overbroad and vague at its core and so and this this provision also it bans offensive speech which is you know textbook viewpoint discrimination it strikes at the core of the First Amendment and so any of these base these grounds can be a independent basis for this court to affirm the district courts decision that the polymer injunction should have been granted and let me follow up on her question when Clovis enacted a replacement policy did not include the challenge provisions correct on appeal the parties argue over whether the replacement policy moots the case I'd like you to assume that we find the appeal is not moot I'd also like you to assume that we affirm the district courts preliminary injunction order with those assumptions in mind here's my question could defendants file a motion with the district court asking it to dissolve its preliminary injunction because replacement policy makes it unlikely plaintiffs will be irreparably harmed while the case proceeds and if so with the district court act within its based on the change circumstances no your honor they could file that but it would be improper to grant it under the voluntary cessation doctrine this court's case the the FICRA the FBI case from this court is the one really a very much on point and also the opposing counsel actually cited two cases from other circuits the two speech first cases a one from the Sixth Circuit and I believe one from the Fourth Circuit that are very similar fact patterns University has a policy enjoined they argue now they replace it they argue now the case is moot in FICRA this court said and when it when something is done by an administrative body or our officials it can be easily re-implemented it's not like a legislative enactment they could easily put it back into place there's no presumption that they will not do so and here they've not disclaimed it they've not said we would not ever reintroduce the policy they've not admitted it's underlying case would not be moot I'm going to get back for just a second to what my colleague raised a minute ago that's who's still attending Clovis I believe the question was who's still there and the thought was nobody of this original group is that accurate the plaintiffs the individual named plaintiffs have graduated their leaders they were leaders in this student club that is still a chartered recognized club that's going to continue being active at Clovis community okay and from your perspective the club itself is the party then basically it's a representative party or the the current leadership will be replaced shortly at the you know the semester ended and recently they're gonna have a new board of new president new vice president and so they would fill into that role as anybody like that now or is it just a titular organization without anybody in it there are membership there is this court but there is membership there is a new leadership that's going to continue beyond they've already been elected there there is a new president that I believe has been elected I don't have that in front of me my my understanding is that there is a new leadership doesn't matter if you have all three plaintiffs who of course are the first people listed here and they're all gone as to them if they were the only party the case would be mooted right with regard to perspective relief we also are seeking damages for past injuries so that would not be mooted but for perspective relief if they were all graduated and had no injury assuming that capable repetition would not exception to mootness would not apply that they so your your point is no matter what there are damages yes past injury as to the future you think the student club that's posted flyers they've been targeted repeatedly for discriminatory treatment based on their conservative views here just before you there's evidence of the two sets of flyers that were rejected because of the conservative views there's no reason to think that's going to change now that different leaders are in charge of the club and so yeah I would suffer injury and would be able to continue along with the new leadership that would take over and really the other record shows and I think ample evidence of viewpoint discrimination over and also as Judge Smith asked the question you know what is inappropriate or offensive to opposing counsel and the answer was there's a couple things you can point to but it's such a broad category that it carves out all kinds of protective First Amendment expression the speech in this case is a good example of that this is political speech about the evils of communism it's speech about the Supreme Court's case about abortion that was upcoming at the time these are matters of political concern hot topics to be discussed on campus and yet administrators decided these are inappropriate or offensive and that really shows the the overbreath at work here that there's no consent and the district court said this as well there's no conceivable pedagogical reason even that a university would enact such a broad ban on any speech that's inappropriate or offensive it's and regardless of whether the student speech doctrine applies that type of policy is impermissible that that degree of overbreath the degree of vagueness at heart here and this you know university officials here their actions exemplify the kind of arbitrary decision-making that's offends the First Amendment and I think the district court said it well that this their actions exemplify the kind of arbitrary and discriminatory treatment that the vagueness doctrine is designed to prevent deciding to approve the flyers at one point then someone complains about it they decide well maybe we should take it down and they use this as a pretext you know they use other policies as a pretext as it would say oh it's inappropriate and offensive that's really exactly the example of what the vagueness doctrine is intended how important is it that there was a substantial amount of discretion on the part of the administrators to decide what and what did and did not violate this stricture under the vagueness doctrine under the grain ed case from the the Supreme Court's kind of sets the standard that there's two ways that a policy could be vague one is does it give sufficient guidance to the person who's trying to speak and to the second prong is that does it give arbitrary or a discretion to government officials and really both of those are satisfied here so each of those would be a reason to declare this flyer policy unlawfully vague and this opposing counsel it doesn't in the district court and here didn't really dispute any of this they know that the district court said they offered little response to the overbreath challenge they offered similarly little response to the vagueness challenge why this isn't arbitrary or why does it doesn't get arbitrary discretion they really say that university officials need that kind of overbroad vague discrete kind of standardless discretion to impose the part whatever policies they want and that that is just not not consistent with any of the cases opposing counsel sites no cases where any policy of this inappropriate material at the university level we cited a directly on point case from the Third Circuit the Macaulay case where it was a similar ban on offensive signs and they didn't respond to it and in their briefing they don't cite to any cases that allow this level of discretion and so on that basis there's no support for the conclusion that this court cannot get it could firm or could allow universities to implement your counsel suggests that dividing these standards by who the likely readers might be in other words K through 12 as opposed to college doesn't really work because you've got people coming on to the campus that are don't fit into neat categories others that might view this as having the imprimatur of the school what's your response to his argument in that regard on the first point about the people students high school students or families might comment that's true in any public forum or any forum at all that's true in the local park that was true in the case of the Supreme Court had the Reynolds case about the drive drive-in movies were showing content that might have been inappropriate for children you know anytime there's public speech in public there's a chance that someone young or impressionable might hear it but that's never been a justification for imposing restrictions this court and the Supreme Court have repeatedly said that universities are bastions for free speech they're important places for freedom of expression and debate this court in the Oyama case doesn't matter if that's not true anymore well we'd like to like to see it be that way and you know this court the courts play an important role in ensuring that freedom of expression on popular ideas are not chilled it's even more important now than ever that this court and courts take a strong stance in defense of free speech in the university setting you know Yama the court said that the the speed student speech doctor school speech doctrine failed to account for the vital importance of academic freedom at public colleges and universities and the Supreme Court has vital and essential to our democracy in the Keishon case and elsewhere that having universities be places where students can and faculty and everyone can be exposed to difficult ideas challenging ideas that they disagree with is vital to our democracy and to act to the society that values the First Amendment and protects the First Amendment and the Supreme Court has allowed even highly offensive speech in the university setting the the Papish case is the best example of this where it involved a flyer that had an image of a policeman raping the Statue of Liberty raping Lady Justice and a symbolically symbolic of criticisms of the government's policies and so the flyers in this case are well in line and far less graphic and obviously on their face offensive than the speech there and yet that was upheld in the Papish case and so universities are our bastions for free speech and that's really the reason one of the reasons that the Hazelwood precedent should not apply is that unique environment coupled with the maturity of the students the lack of the in loco parentis relationship that there's in the k-12 setting and going to your question again just about imperature and the appearance of the university's kind of endorsement this is a student bulletin board AR 5550 designates it for student speech the record shows that flyers from student groups would routinely get approved in seconds or minutes they would go to the office and get a stamp these groups are independent from the university they're run by students they're expressing themselves and so there's no basis for an imperature of student expression and that's very different from the Planned Parenthood and Hazelwood cases where the record showed that the university the principal of the school and the teachers advice you know leading the journalism class or the newspaper class were very involved in micromanaging what kind of speech would be allowed to to be there and that's not the case here there's no evidence of that in the record here and so there's no basis for the idea of an impermature concept in this case so even if Planned Parenthood could apply and Hazelwood could apply to the university setting which this court has repeatedly refused to do in Oyama and downs numerous times has had the opportunity and has chosen not to for the reasons I've already discussed even if they could do it there there's no basis in the record to say that there's pedagogical reasons here or that this is a curricular curricular from the the university and then finally even mentioning it in this concept mentioning a Planned Parenthood and Hazelwood also Planned Parenthood emphasized in this court did so in downs as well that even in school speech settings viewpoint discrimination is not permissible that's the clear ruling of the downs case the court they're distinguished between school sponsored speech where it said that they would apply the viewpoint discrimination microscope to the speed the policy in question and the kind of gut pure government speech scenario where they that's a different category they said that that would not apply but in the school speech context it does still apply with full force the same is true for viewpoint discrim for for vagueness and overbreath as well those doctrines apply with full force regardless of the forum and so the district court correctly said it did not need to decide what the forum was because in any forum a policy that is a viewpoint based on its face banning offensive speech in an appropriate material which the Supreme Court in Metallica tan and just recently in the 303 creative case said is viewpoint discrimination that's impermissible this kind of broad policy is impermissible really in any forum it cannot be defended and so the district court correctly granted a preliminary injunction it correctly ruled that the plaintiffs were likely to succeed on the merits and on any of these grounds on viewpoint discrimination overbreath or vagueness this court can affirm the district court's grant of a preliminary injunction thank you thank you counsel I'll just touch on a few of these issues briefly and then any questions you have I was surprised to hear a suggestion that there had been no cases or nothing cited to say that similar less specific instructions had been cited as evidence in other cases that similar terminology for school sponsored speech had been approved of course we did it's a two most important cases before us in Hazelwood our US Supreme Court set this rule and they said the only thing that the school needed to state was legal moral or ethical completely up to the get to the point where it is school sponsored speech see in perpetual the school and there are questions about whether the school has a discretion which they're giving great deference to to actually adjudicate down through their their student body the other one is Planned Parenthood and the instruction of Planned Parenthood when you talk about there could be nothing so vague or overbroad except that the Ninth Circuit has said it's a proof for a rule that says we're not going to let you post anything that does not serve the best interest of the school at the discretion of the principal and it's because of the possibility that the actual use of that language would actually give the public to believe the imperpeture of the school is dedicated to that topic the courts have been clear that schools are not required to take one position or the other or be seen as taking one position or the other on issues that are in dispute that are of controversy and the language in Hazelwood which gets approved again in Planned Parenthood is very clear that we don't want to make our schools the battleground so we don't want to say we're going to put this up there and you have to let the first flyer go up and then we're going to let you force the second one and that whole wall is going to be a battleground of students with things that you don't approve of either one either that you have an imperpeture problem or that you've created a battleground and the discretion under those cases the Ninth Circuit and the US Supreme Court is given to a great deference to the school I'd notice Pappage not a school speech case Downs government speech not a school school speech case McCulley rape harassment not a school speech case none of those cases are applicable the ones to follow or Hazelwood and Planned Parenthood follow our four other circuits we apply them to this case and given the language of those those particular rules and those schools are just like AR 5550 and it should be applied by the way you have no last thing I'll tell you you have no determination from the district court that there is viewpoint discrimination or forum we don't have any of that none of that was decided upon thank you all Flores be Bennett will be submitted and the session of the court is adjourned for today all rise
judges: WARDLAW, SMITH, Rayes